[Civ. No. 11005. Second Appellate District, Division One.—June 12, 1936.]

In the Matter of the Estate of KATHRYNE H. SEWALL,
Deceased. ANNIE E. CRONIN et al., Appellants, v.
SECURITY–FIRST NATIONAL BANK OF LOS AN-
GELES, as Executor, etc., et al., Respondents.

John S. DeLancey, Clarence DeLancey, James M. Thomas and Arthur W. Kennedy for Appellants.

Fogel & Beman and Lobdell & Watt for Respondents.

SHINN, J., *pro tem.*—Appeal from a decree of the Superior Court of Los Angeles County, under section 1080 of the Probate Code, determining who is entitled to distribution of estate. Appellants are cousins of the decedent, who died testate leaving no other heirs. By her will, testatrix left her entire estate in trust for certain charitable uses and purposes, with two exceptions, namely, she authorized and directed the trustee to set aside property of the value of $7,500, and out of the net income therefrom to pay to Bea Suderstrom the sum of $300 per annum for and during the remainder of her natural life, and she further provided as follows: "d. From the remainder of the net income from the trust estate, including such net income from the $7,500.00 fund aforesaid as shall exceed $300.00 per year, there shall be paid the expenses of the perpetual care and maintenance of Plot Number 842, in Section 4 of Calvary Cemetery, St. Louis, Missouri, in which are the graves of my father, and mother, Michael and Mary Gallagher, and in which plot I direct that I myself be buried." Bea Suderstrom having predeceased testatrix, the bequest to her failed.

The provisions of paragraph "d" were held by the court to be invalid, for the reason that the trust therein attempted to be created was in perpetuity and not for charitable purposes. The remaining provisions of the will were upheld and it was decreed that the trustee was entitled to distribution of the entire estate. Appellants' contention is that the conceded invalidity of the provisions of paragraph "d" extended to and nullified the entire will, and such is the question presented upon this appeal.

Certain familiar rules of interpretation are involved. Where the intention of the testator cannot have full effect, it must have effect as far as possible, and an interpretation is to be preferred which will prevent total intestacy. (Probate Code, secs. 101 and 102.) In *Estate of Van Wyck,* 185 Cal. 49, at page 62 [196 Pac. 50], it was said: "The real question

presented where a will contains both valid and invalid provisions is whether the two are so parts of a single plan or scheme or otherwise so dependent one upon the other that by avoiding the invalid provisions and allowing the valid to stand there will result a disposition of the estate so different from what the testator contemplated or so unreasonable that it must be presumed that the testator would not have made the valid provisions if he had been aware of the invalidity of the others.'' We have only to determine whether the trial court correctly decided that the main and controlling testamentary purpose was to create a charitable trust and that the provision for the perpetual care of the burial lot was incidental thereto. Unless the court can say from a construction of the will as a whole that testatrix would not have created the charitable trust had she known that the provision for care of the burial plot could not be given effect, the failure of the latter provision does not invalidate the will.

It appears that the estate was of the value of some $43,000. All of the estate except the sum of $7,500 was left in trust, with provision for the payment of $300 per year from the net income to Father Flanagan's Home for Boys of Overlook Farm, Omaha, Nebraska, admittedly a charitable institution. The remaining net income was to be used by the trustee in its absolute and uncontrolled discretion for the relief of blind children not over the age of sixteen years, with the power in the trustee to use all or any part of the principal of the trust estate for that purpose. The will contained a suggestion that the net estate should be used equally for the benefit of the Roman Catholic Orphanage, in the San Francisco Diocese and in the Los Angeles Diocese, although preference was expressed for its use for the relief of blind children. The provisions for charitable uses all referred to the net income remaining after provision had been made to meet the bequest to Bea Suderstrom and the expenses of the perpetual care and maintenance of the burial plot, and for this reason it is contended by appellants that the valid and invalid provisions of the will are so dependent and intermingled as to be incapable of separation without defeating the main testamentary purpose. We are satisfied that the trial court correctly rejected this construction. It is true that the expressed wishes of testatrix cannot lawfully be given full effect but we should, if possible, avoid allowing the partial

defeat of her wishes to operate so as to defeat the remainder. Testatrix had a high and praiseworthy purpose in leaving by far the greater share of her estate to be used for the relief of blind children. Likewise praiseworthy was her wish to provide for the care of the burial plot which held the graves of her mother and father, but the share of the estate devoted to the latter use was quite naturally comparatively small, and while this provision was no doubt an important one in the testamentary scheme, it does not appear to have been predominant. There is no purpose expressed in the will to condition the provisions creating the charitable trusts upon the due execution of the trust for the care of the burial plot. The fact that sufficient income was first to be devoted to the latter use does not make it of first importance. How profound and sincere the desire of testatrix was to aid in the relief of blind children is to be gathered from the terms of the will, which devoted five-sixths of her estate to that purpose, to the exclusion of collateral kindred. The trial court concluded that the provision of the will held invalid was not indispensable to the plan of the testatrix for the use of her estate and gave effect to her wishes in so far as it was lawful to do so. This determination was just and is sustained by the authorities. (*Estate of Willey*, 128 Cal. 1 [60 Pac. 471], and cases therein cited.)

The decree appealed from is affirmed.

Houser, P. J., and Doran, J., concurred.