[Civ. No. 11229.   Second Appellate District, Division Two.—October 13, 1936.]

PHILLIP E. THOMAS, Petitioner, .v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Brown, Bissell & Beery for Petitioner.

No appearance for Respondents.

CRAIL, P. J.—This in a petition for a writ of prohibition against the Superior Court of Los Angeles County to restrain it from hearing or determining a petition for distribution of a testamentary trust which was created by the final decree of distribution in the estate of Richard D. Davis, deceased, and from determining the extent of the

interests of the various assignees of the beneficial interests under said trust and from determining conflicting claims of said assignees among themselves and from partitioning in said proceeding the various beneficial interests in said trust under said assignment.

The contention of the petitioner is that the superior court has no jurisdiction in such proceeding to determine such matters and he relies upon the case of *Kingsbury* v. *Ross,* 217 Cal. 484 [19 Pac. (2d) 784], and cases cited therein. Petitioner does not overlook section 1120 of the Probate Code, but he contends that the court does not have jurisdiction in spite of said section. The section reads as follows: ''When a trust created by a will continues after distribution, the superior court shall not lose jurisdiction of the estate by final distribution, but shall retain jurisdiction for the purpose of determining to whom the property shall pass and be delivered upon final or partial termination of the trust, to the extent that such determination is not concluded by the decree of distribution, or settling the accounts and passing upon the acts of the trustee and for the other purposes hereinafter set forth. Any trustee appointed by will, or appointed to execute a trust created by will, may, from time to time pending the execution of his trust, or at the termination thereof, render for settlement his accounts and report his acts as such trustee, before the superior court in which the will was probated. For that purpose, the trustee, or, in case of his death, his legal representatives, shall present to the court his verified account and report, setting forth his accounts in detail, reporting his acts as trustee, and showing the condition of the trust estate, and giving the names and postoffice addresses, if known, of the beneficiaries. The trustee may also petition such court, from time to time, for instructions as to the administration of the trust. The clerk shall set the account and report or petition for settlement or hearing by the court and give notice thereof for the period and in the manner required by section 1200 of this code. The trustee shall cause notice of the hearing to be mailed to the beneficiaries at their last known addresses, as provided in said section 1200, whether they have requested special notice or given notice of appearance or not.'' It will be observed that under said section

the court does not lose jurisdiction of the trust estate by the final distribution of the probate estate, but that the superior court "shall retain jurisdiction for the purpose of determining to whom the property shall pass and be delivered upon final or partial termination of the trust", etc. The petition for distribution is pending before the superior court as such and that court has jurisdiction, subject to the limitations of section 1120, to do the very things which the petitioner seeks to have this court prohibit.

Writ denied.

Wood, J., and McComb, J., *pro tem.*, concurred.