942

[Civ. No. 8269. Third Dist. Jan. 29, 1954.]

Estate of MARIA S. HUBBARD, Deceased. STOCKTON SAVINGS AND LOAN BANK (a Corporation), Petitioner; SECURITY TRUST COMPANY OF ROCHESTER, as Trustee, et al., Appellants, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as Guardian, etc., Respondent.

Smith & Zeller for Appellants.

Mazzera, Snyder & DeMartini for Respondent.

PEEK, J.—This is an appeal from an order of distribution following termination of the trust created by the decedent.

At the time of her death in 1917 decedent was survived by two adult married daughters, Maria Cronise and Eliza Middlecoff, her only heirs at law. Both of their husbands were then living. Following the administration of her estate the court, in its decree of final distribution, stated that the ". . . property should be distributed pursuant to the terms of said Last Will and Testament, the language of which for the purposes of this Decree, is adopted by the Court as its own and used herein." The court then decreed distribution in the identical language of clauses (a), (b), (c), (d), Fourth, Fifth, Sixth, Seventh, Eighth and Ninth of the will. Each year thereafter the trustee filed its annual account, and at various times during the course of its administration of the trust estate made distributions in accordance with the provisions of the will.

At the time of filing its annual account in November, 1951, the trustee alleged that by reason of the happening of certain events, and by reason of the particular wording of the will and the decree of distribution, the trustee could not safely

determine whether the trusts referred to in said decree terminated, and if such were the case, it could not safely determine the persons to whom the property should be distributed or the amounts or proportions thereof. Following the hearing on said petition, the court made its order that all of the property remaining in said trust was distributable to Eliza. It is from that order that the present appeal is taken.

The evidence is not in conflict. It is agreed that the sole question raised is one of law and relates to the interpretation of the Fourth clause and paragraph (d) of the Third clause of the decree of distribution in the probate estate. It is further agreed that said clauses pose five situations, upon the fulfillment of any one of which termination of the trusts in whole or in part is decreed. They are as follows:

1. If Adelbert Cronise (husband of Maria) dies before Maria, and Eliza or her issue are then living, Maria receives one-half of the trust estate free and clear of the trusts.

2. If W. W. Middlecoff (husband of Eliza) dies before Eliza, and Maria or issue are then living, Eliza is to receive one-half of the trust estate free and clear of the trusts.

3. If Maria dies without issue before her husband, Adelbert, then upon the death of Middlecoff, Eliza takes all of the estate if living, or if dead, it goes to her (Eliza's) issue.

4. If Eliza dies without issue before her husband, Middlecoff, then upon the death of Cronise, Maria takes all.

5. If both Eliza and Maria die without issue while Cronise and Middlecoff are living, then all of the trust estate goes according to clause Fourth of the decree.

Situation number 1 occurred by reason of the death of Adelbert during the lifetime of Maria, and while Eliza was still living. Maria thereupon received distribution of one-half of the trust estate. It is the remaining one-half thereof with which the parties are now concerned.

It is the respondent's contention in support of the order that when the decree of distribution of the probate estate, which adopted in its entirety the language of the will including the trust provisions in its distribution order, is construed by its four corners, the intention is clearly shown that Eliza is to receive the property, and accordingly there is a gift to her by necessary implication. Appellants, however, contend that the situation posed in item 2 did not technically occur, because at the time of the death of Middlecoff, although he was then survived by Eliza, Maria had previously died without issue and that, by reason of her death prior to his, the

trust failed and an intestacy resulted. Furthermore they contend that the probate court was without jurisdiction to construe the will and to find therefrom a gift by implication. In other words that the decree of 1918 was final and precludes further inquiry.

Probate Code, section 1120, provides in part that, "When a trust created by a will continues after distribution, the superior court shall not lose jurisdiction of the estate by final distribution, but shall retain jurisdiction for the purpose of determining to whom the property shall pass and be delivered upon final or partial termination of the trust, to the extent that such determination is not concluded by the decree of distribution. . . ."

It is the statutory rule that an interpretation of a will ". . . is to be preferred which will prevent a total intestacy" (Prob. Code, § 102) either in whole or in part. (See *Sewall's Estate,* 14 Cal.App.2d 554 [58 P.2d 744].) Especially is this true where the will evidences an intention on the part of the testator to dispose of his or her entire estate. (*Lawrence's Estate,* 17 Cal.2d 1 [108 P.2d 893].)

The first consideration before this court then must be as to whether or not the San Joaquin County court had jurisdiction to construe the will pursuant to the request of the petitioning trustor with respect to the distribution of the trust estate.

In the case of *Thomas* v. *Superior Court,* 17 Cal.App. 2d 40 at page 41 [61 P.2d 496], it was sought to prohibit the court from hearing or determining a petition for distribution of a testamentary trust and from determining the various beneficial interests involved therein. The court, in denying the petition said, "It will be observed that under said section [Prob. Code, § 1120] the court does not lose jurisdiction of the trust estate by the final distribution of the probate estate, but that the superior court 'shall retain jurisdiction for the purpose of determining to whom the property shall pass and be delivered upon final or partial termination of the trust' . . ."

The present proceeding is not a collateral attack as appellants further argue, nor an attempt to impeach the 1918 decree as they contend. It is a request for an interpretation of the terms and conditions contained in the decree of distribution of the probate estate which were identical to provisions of the will. Following distribution of the probate estate, it is the decree and not the will which must be inter-

preted (*Society of California Pioneers* v. *McElroy,* 63 Cal. App.2d 332 at page 338 [146 P.2d 962]), or as was stated in *Estate of White,* 69 Cal.App.2d 749 [160 P.2d 204], quoting from *McAdoo* v. *Sayre,* 145 Cal. 344 [78 P. 874]: " '. . . in a proceeding of this character the court has the power, and it is its duty whenever the power is invoked, to ascertain who is entitled to the trust estate already delivered by the trustee, and also that which yet remains to be delivered, and make such orders as may be necessary to enable the trustee to make final settlement with the beneficiary in safety and secure a final settlement of his account which will entitle him to a discharge.' " In the *Estate of Smead,* 12 Cal.2d 20 at page 24 [82 P.2d 182], the Supreme Court approved the conclusion in the Smith Estate and further held: ". . . the language employed in the present section [1120] of the Probate Code was intended to broaden the jurisdiction of the probate court so as to give that court jurisdiction over practically all controversies which might arise between the trustees and those claiming to be beneficiaries under the trust." Both the Smead and Smith cases were cited with approval in the recent case of *Wells-Fargo, etc.* v. *Superior Court,* 32 Cal.2d 1 at page 5 [193 P.2d 721], where the court observed that, "Except for the statute, the superior court, sitting as a probate court, would have no jurisdiction over trusts after the final decree of distribution. . . ."

Under the conditions disclosed in the present proceeding it would have been useless for the probate court in the first instance to have attempted to anticipate or to have endeavored to construe the will in all of the conceivable situations which might have arisen under it. However, the fact remains that the testatrix did make a will in which she devised all of the residue of her property in trust. This fact negatives the end result of the contention of appellants that she intended to die intestate. It is evident from even a cursory reading of the will, that the testatrix, as the trial judge observed in the course of the hearing, attempted a complete disposition of all of her property, and in so doing to treat her two daughters with equality. The mere fact that an instrument may be incomplete in one particular does not nullify an intention which is clearly shown. Illustrating the inequality that would result if it were held that there was an intestacy, the trial court observed: ". . . that the daughter who died first would under certain contingencies

have the power of disposition of three quarters of the estate. The daughter who died first could by her own will dispose of her own vested half interest that would vest in her under certain contingencies and by her own will could have the power of disposing of one quarter of the estate. If we regard the Hubbard will as speaking at the time of death three quarters of the estate could have gone into the hands of strangers. . . . viewing the entire will it was the intention of Mrs. Hubbard that the trust should terminate at the death of the last survivor of the two husbands, Mr. Middlecoff. Furthermore, that the trust estate should vest in Mrs. Middlecoff.''

██ It necessarily follows that there is ample basis for the conclusion of the court that there was a gift by implication from the testatrix to her daughter, Eliza. In the recent case of *Brock* v. *Hall,* 33 Cal.2d 885 at pages 887 and 889 [206 P.2d 360, 11 A.L.R.2d 672], where a comparable situation was presented, the Supreme Court held that: ''The implication of gifts in wills rests upon the primary rule of construction that the duty of the court in all cases of interpretation is to ascertain the intention of the maker from the instrument read as a whole and to give effect thereto if possible, and it is well settled that, where the intention to make a gift clearly appears in a will, although perhaps imperfectly expressed, the court will raise a gift by implication [citing cases]. . . . Gifts by implication have been sustained from remote times where no direct language is found to support them, and the tendency is rather to extend than narrow the rule raising such gifts.''

The order is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 25, 1954.