[Civ. No. 21669. Second Dist., Div. One. Oct. 8, 1956.]

Estate of JOSEPH FELDMAN, Deceased. HELEN HAYNER FELDMAN, Appellant, v. ESTATE OF ROSE F. METZGER, Respondent.

---

*Assigned by Chairman of Judicial Council.

Hanna & Morton, Harold C. Morton and Max K. Jamison for Appellant.

Pacht, Ross, Warne & Bernhard, Isaac Pacht, Stuart L. Kadison and Harvey M. Grossman for Respondent.

FOURT, J.—This is an appeal by Helen Hayner Feldman, the widow of Joseph Feldman, deceased, and one of the beneficiaries under the terms of his will, from an order instructing the trustees to pay to the estate of Rose F. Metzger, also a beneficiary, all monies ascertained to have been received during the period *June* 24, 1953,[1] to January 5, 1954, on the corpus of each of the trusts created by paragraph FIFTH (B) and FIFTH (C)[2] of the will of decedent.

Joseph Feldman died on July 24, 1953. By his will, dated July 1, 1948, he created three trusts, only two of which are involved in this appeal. The three trusts were created by paragraph FIFTH of decedent's will, the two trusts in question being those created by paragraphs FIFTH (B) and FIFTH (C)[2].

In essence, the trust created by paragraph FIFTH (B) provided Rose F. Metzger, the sister of decedent, with a life estate in the income with a remainder over of the income

---

[1]This is an obvious clerical error in the order which should read "*July* 24, 1953," the date of decedent's death. The findings of fact and conclusions of law correctly give the period in question as July 24, 1953 to January 5, 1954.

[2]The pertinent provisions of paragraphs FIFTH (B) and FIFTH (C) are as follows:

"(B) Another such part of twenty-five (25%) per cent to my Trustees hereinafter named, in trust, nevertheless, to invest the same and keep the same invested, to collect the rents, income and profits thereof, and to pay over the net income arising therefrom to my sister, Rose F. Metzger, during her lifetime, and upon her death to pay over the net income arising therefrom to my wife, Helen Hayner Feldman, and upon the death of my sister and my wife, the principal shall be disposed of as follows:

. . . . . . . . . . . .

"(C) Another such part of twenty-five (25%) per cent to my Trustees hereinafter named, in trust, nevertheless, to invest the same and to keep the same invested and collect the rents, income and profits thereof and to pay over such portion of the net income arising therefrom to my wife, Helen Hayner Feldman, during her lifetime, monthly, to the extent that my Trustees, in their discretion, deem necessary that

to Helen Hayner Feldman, his wife, in the event his wife outlived Mrs. Metzger. The trust created by paragraph FIFTH (C) established a life estate to Helen Hayner Feldman in the income to the extent that the trustees deemed it necessary that the income be paid to her in order to supplement (for her support and maintenance) the income received from the trust created by paragraph Fifth (A), and during the lifetime of Helen Hayner Feldman to pay the balance of the income to Rose F. Metzger.

Under the terms of the will, Helen Hayner Feldman, Rose F. Metzger and Percival E. Jackson were named as executors, qualified as such and acted until January 5, 1954, at which time Rose F. Metzger died. Decedent's will named Rose F. Metzger and Percival E. Jackson, together with the Farmers and Merchants National Bank of Los Angeles as trustees of the trusts created by paragraphs FIFTH (B) and (C) of the will.

During the period of administration of the estate Helen Hayner Feldman has received a family allowance from the estate of $5,000 per month. Such sum has been ample, without reference to the income payable to her under the trust established by paragraph FIFTH (A) of the will, for her proper support and maintenance. The trustees made no finding that any additional monies were, during the period from July 24, 1953, through January 5, 1954, needed by Helen Hayner Feldman for her support and maintenance.

In their amended first account current and report, the executors reported net income from the estate in the amount of $146,407.45, as of June 30, 1954. Pursuant to an order for partial distribution dated September 2, 1954, the sum of $12,500 from the income cash on hand was distributed to the trustees of the trust created by paragraph FIFTH (B)

---

the income provided to be paid her under the provisions of paragraph 'Fifth (A)' be supplemented for her proper support and maintenance during that period, and further, if in any "calendar year subsequent to the year in which my death shall occur, the income from this Trust should, in the opinion of my Trustees, be insufficient together with the income from the Trust created in paragraph 'Fifth (A)' hereof, to provide for proper support and maintenance for my wife, then to pay over to my said wife out of the principal of this Trust so much thereof as my Trustees deem necessary for her support and maintenance during that period, and during the lifetime of my wife to pay over the balance of the net income, and upon her death the whole of the net income arising therefrom, to my sister, Rose F Metzger, monthly during her lifetime, and upon the death of my wife and my sister, the principal or so much thereof as shall be remaining in the hands of my said Trustees, shall be disposed of as follows: . . .''

and a similar amount distributed to the trustees of the trust created by paragraph FIFTH (C). Pursuant to a further order for partial distribution dated November 12, 1954, the sum of $24,101.86 cash from the income on hand was distributed to the trustees of the trust created by paragraph FIFTH (B), and a similar amount distributed to the trustees of the trust created by paragraph FIFTH (C).

On a petition for instructions filed by the trustees, the trial court determined that the estate of Rose F. Metzger is entitled to all of the net income received by the executors on the corpus of the trusts created by paragraphs FIFTH (B) and FIFTH (C) of the will of Joseph Feldman for the period commencing with the date of the death of Joseph Feldman on July 24, 1953, to and including January 5, 1954, the date of the death of Rose F. Metzger and entered its order accordingly. It is from that order that the appeal herein is taken.

The sole question for determination is whether the first life income beneficiary of a testamentary trust is entitled to all income earned by the trust and paid to the executors, but not distributed to the trustees, during the period between the death of the testator and the death of such beneficiary.

Appellant contends that the provisions of section 730.06 of the Civil Code are applicable and that she, as successor beneficiary, is entitled to the income received by the executors but not distributed to the trustees until after the death of Rose F. Metzger, the first life income beneficiary.

Section 730.06 of the Civil Code provides as follows: ''[Cessation of right of tenant to income]. Whenever a tenant's right to income shall cease by death, or in any other manner, all payments theretofore actually paid to the tenant or in the hands of the trustee for payment to the tenant shall belong to the tenant or his personal representative; all income actually received by the trustee after such termination shall be paid to the person next entitled to income by the terms of the transaction by which the principal was established.''

It is appellant's contention that, applying the foregoing provisions of section 730.06 of the Civil Code, when a trust is created to pay the income to a beneficiary for life and thereafter to pay the income to another beneficiary, upon the death of the first beneficiary the second beneficiary is entitled to receive all income from the trust which at the date of the death of the first life income beneficiary has not been paid to such beneficiary or is not yet in the hands of the trustees to pay to such beneficiary.

Respondent, upon the other hand, contends that section 160 of the Probate Code is determinative of the issue, citing *Estate of Platt*, 21 Cal.2d 343 [131 P.2d 825], and that the construction of section 730.06 of the Civil Code urged by appellant would nullify section 160 of the Probate Code and result in a forfeiture of a vested right in those cases wherein the income beneficiary dies prior to the decree of distribution.

Section 160 of the Probate Code provides: "In case of a bequest of the interest or income of a certain sum or fund, the income accrues from the testator's death."

In *Estate of Platt, supra,* the issue was whether the income from a testamentary trust accrued from the date of the testator's death or from the date of distribution of the estate to the trustee. The applicability of the Principal and Income Law (Civ. Code, §§ 730-730.15), which was originally adopted in 1941 (Stats. 1941, ch. 898, p. 2476), and added to the Civil Code in 1953 (Stats. 1953, ch. 37, p. 666), was not in issue, the trusts having come into existence prior to its enactment. Moreover, the life beneficiary survived distribution. The rule laid down in the Platt case is that section 160 of the Probate Code is applicable to a testamentary trust; hence the right to income accrues from the testator's death where the will is silent in this respect. In holding that the life beneficiary was entitled to the earnings on the corpus during administration as against the remainderman, the court stated, at page 347: "As title to all testamentary dispositions vests at the testator's death (Prob. Code, §§ 38, 300), the title of the trustee to Mr. Platt's property vested as of that date, even though the trust estate was residuary in character. (Citing cases.) As a necessary corollary, the title of the life tenant also dates from the death of the testator. The income earned by the trust property during the period of administration inures, of course, to the benefit of the trust, and is payable by the executor to the trustee upon distribution."

*Estate of Van Wyck*, 185 Cal. 49 [196 P. 50], cited by respondent, was decided long before the Principal and Income Law was adopted and is therefore inapplicable. In *Estate of Schiffmann*, 86 Cal.App.2d 638 [195 P.2d 484], the life beneficiary died prior to the date the estate was ordered distributed. The income received by the trustee after the death of the life beneficiary was distributed to the remaindermen pursuant to the express terms of the trust which provided

that the life beneficiary was to receive the net income from the trust *available for distribution.* The decree set forth that the income to which the trustee would have been entitled upon distribution of the estate had not been received by the trustee and was therefore not *available for distribution* prior to the death of the life beneficiary.

*Union Nat. Bank* v. *Hunter,* 93 Cal.App.2d 669 [209 P.2d 621], involved an *inter vivos* trust. The net income accrued but not actually received by the trustee prior to the death of the trustor (the first life beneficiary) was ordered distributed pursuant to the provisions of section 4 of the Principal and Income Act (now Civ. Code, § 730.06).

■ It is our opinion that both section 160 of the Probate Code and section 730.06 of the Civil Code are applicable to testamentary trusts; further, that the application of the latter statute in those instances wherein the beneficiary dies prior to the decree of distribution does not, as contended by respondent, by implication result in the forfeiture of a vested right.

In the instant case, since the will does not expressly fix a date from which income shall be paid, it accrues from the testator's death. (Prob. Code, § 160; *Estate of Platt, supra.*) The death of the testator having occurred subsequent to September 1, 1941, the provisions of the Principal and Income Law are applicable. (Civ. Code, §§ 730.02, 730.04.)

■ Therefore, although title to the trust estate vested in the trustees as of the date of Mr. Feldman's death, and the income during the period of administration inured to the benefit of the trust, the provisions of section 730.06 of the Civil Code are applicable in determining the rights of the respective beneficiaries to such income. Since concededly none of the income earned by the trust estate was actually received by the trustees prior to the death of Rose M. Metzger, the first life income beneficiary, Helen Hayner Feldman, the successor beneficiary is entitled to the income which was received by the executors during the period from the date of the testator's death to the date of the death of Rose F. Metzger and distributed to the trustees pursuant to the decrees of distribution of September 2, 1954, and November 9, 1954.

■ There is no merit in respondent's contention that the word "trustee" as defined and used in the Principal and Income Law includes an executor. A trustee is defined in section 730.03 of the Civil Code as follows: " 'Trustee' as used in this chapter includes the original trustee of any trust

to which the principal may be subject and also any succeeding or added trustee.'' The trust came into being upon the death of the testator and the original trustees are specifically named in the will.

The judgment is reversed with directions to the trial court to order the trustees to pay to Helen Hayner Feldman, as successor beneficiary, the net income received by the executors for the period from July 24, 1953, through January 5, 1954, and paid to the trustees pursuant to the decrees of distribution of September 2, 1954, and November 9, 1954.

White, P. J., and Doran, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 5, 1956. Schauer, J., was of the opinion that the petition should be granted.