No. 925

McMERRIMAN v. SCHIEL et al

Ohio Supreme Court
No. 17821. Decided June 19, 1923 (To Appear—OS.)

3801- WILLS.

Construction giving effect to will should be adopted if possible—Reference by testator to possible calamity should be construed as reason for making rather than as condition precedent to will becoming operative—Failure to revoke will for over a year raises presumption that possible calamity was not intended as a condition precedent. (For official syllabus, see below.)

MARSHALL, C. J.

Epitomized Opinion

This is an action by Schiel and another as executors of the will of Joseph Schiel against McMerriman and others for the construction of a will. The will provided that certain devises were to be made in case that the testator met with accident on a certain journey. Shortly after making the will he made a journey to the State of Montana, returned home safely and lived thereafter for a period of one year and two months. during all of which time the will remained in his possession and was kept in a safe drawer in his home without any effort being made by him to destroy it.

The Common Pleas Court of Lucas county held that such a provision was a contingency and a condition upon which the will should become operative

if at all. Upon appeal, the Court of Appeals rendered the same judgment. The cause was admitted to the Supreme Court upon allowance of motion to certify record. In reversing the judgment of the lower courts and holding the will valid, this court, in its official syllabus, held:

1. Where the language in a will is equally susceptible of two different constructions, one of which will defeat and the other sustain its provisions, the doubt should be resolved in favor of the construction which will give effect to the will rather than the one which will defeat it.

2. If the language used in a will can reasonably be construed to mean that the testator refers to a possible calamity only as a reason for making a will at that time, rather than as a condition precedent to the will becoming operative, such reasonable construction should prevail and the will be permitted to stand.

3. Where the testator lives a period of one year and two months after a possible calamity is passed, without change in his circumstances or those of the beneficiaries named in such will, and without having changed or revoked such will, although the same has during all such time been in his personal custody, a strong presumption arises that the statement was not intended as a contingency or condition precedent.

Attorneys—Hackett & Lynch, Toledo, for McMerriman; Denman, Kirkbride, Wilson and McCabe, Toledo, for Schiel.

---

SEMI ANNUAL

## CURRENT CASE LAW DIGEST

FIRST NUMBER

January to June 30, 1923
Issued as No. 36 of The Abstract

SECOND NUMBER

July to December 30, 1923
To be Issued as Vol. 2, No. 1, of Abstract, Jan. 2, 1924

### Accessories To The Ohio Law Abstract, and Free To All Subscribers

---

### To Non Subscribers, $2.50

PER NUMBER

The Laning Link System of Cross-Indexing
Used in These Digests, Makes All the Law of 1923
EASILY FINDABLE