FRANK J. BOBBLIS, administrator with the will annexed, *vs.* WILLIAM CUPOL & others.

Worcester. January 6, 1937. — March 31, 1937.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Devise and Legacy,* Absolute or conditional.

A bequest of two mortgages to a legatee "for her good heart in that she undertook to care for me" was absolute, and not conditional upon the legatee's having in fact cared for him.

PETITION for instructions, filed in the Probate Court for the county of Worcester on June 10, 1936, by the administrator with the will annexed of Felix Kasper, late of Southborough.

Certain respondents appealed from a decree entered by order of *Chamberlain,* J.

*W. J. Kenney,* for the appellants.

*A. S. Allen,* for the respondent Anna Zajac.

QUA, J. The question presented is whether Felix Kasper, late of Southborough, made by his will an absolute gift to Anna Zajac of two mortgages aggregating $10,000 which he held on her real estate in Lynn or whether the gift was subject to a condition which she has not performed.

Kasper was employed as a farm hand and boarded on the farm where he worked. He never married. His nearest kin were nephews and nieces, one of whom lived in Michigan and the others in Lithuania. When Mrs. Zajac purchased the Lynn property she agreed with the testator to pay

him $1,000 yearly on account of the principal. After the purchase the testator became friendly with the Zajacs and visited them from time to time. In the spring of 1932 the testator and Anna Zajac made an oral agreement by which the testator agreed to the erection of a store on the mortgaged premises, waived the yearly payment of $1,000, and reduced the rate of interest on the mortgages; and Anna Zajac agreed that if the testator was without work for any cause she would give him the use of two rooms and furnish him board and care. He further promised to give her something in writing which would be satisfactory to her. Under date of October 10, 1932, he executed the will. Mrs. Zajac also signed it in addition to three witnesses. As translated from the Polish, the will recites that the testator makes "the following bequests and permissions" for Anna Zajac. First he agrees to the construction of the store. Next he reduces the interest on the mortgages. Then follows this paragraph:

"And at the same time I release Anna Zajac From payment of 10% of the Principal Sum (in other words from the cash, With the Understanding that in case I am left without work making no difference in what manner, Anna Zajac Agrees to give me two rooms which are located in the building 33 Elmwood Ave, board and entire care In other words to become the housekeeper of my home for my upkeep I shall use the interest from the above sum But in case of sickness costs of the doctor and medicine or hospital I shall cover from my other savings only in case the cash shall have been exhausted to the last cent then I reserve to myself that I can draw any part of the sum in other words of the capital although not more than $50, dollars a month And in case of my Death whatever remains of the above sum the entire $10,000, or less I leave all To Anna Zajac for her good heart in that she undertook to care for me in my old age so long as I shall live and I assure (reserve for) myself that nobody can after my death nor even my family

can claim any part of the above sum which is bequeathed to Anna Zajac, the excess over the above sum which is left after me belongs to my family."

The testator continued to work and to live at the farm and died in July, 1934, never having been without work. It is the contention of the respondent next of kin that the bequest of the principal of the mortgages to Anna Zajac was contingent or conditional upon her having in fact supplied the testator room, board and care, and that as she never supplied these the bequest never took effect.

The will is in layman's language, but its intent and meaning are reasonably clear. It partakes of the nature of a contract as well as of the nature of a testamentary disposition. *Stewart* v. *Stewart,* 177 Mass. 493, 496. The earlier part is substantially a restatement of the oral agreement which the parties had made the spring before, with some amplification indicating the testator's intention to preserve the $10,000 mortgage fund intact during his life unless circumstances should compel him to resort to it. The testamentary part begins with the words "And in case of my Death . . . ." There are no words of condition or qualification contained in this part of the will or applicable to it. The gift is made to Anna Zajac "for her good heart in that she undertook to care for me . . . ." The mere undertaking on her part was the reason or motive for making the bequest. The bequest itself is absolute. There is nothing to suggest that it was to fail if the occasion for carrying out the undertaking should never arise. The mortgage fund is set apart as a gift for Anna Zajac in any event, while the other moneys of the testator are to go to his own relatives. He needed no condition for his protection. If she should repudiate her agreement he could change his will. *Colwell* v. *Alger,* 5 Gray, 67. *Damon* v. *Damon,* 8 Allen, 192. *Martin* v. *Martin,* 131 Mass. 547. In *Brennan* v. *Brennan,* 185 Mass. 560, the estate was expressly made conditional by the very sentence which created it.

*Decree affirmed.*