## Watkins et al. v. Watkins' Administrator.

(Decided June 15, 1937.)

FOWLER & FOWLER for appellants.

HUNT & BUSH and THOMAS B. McGREGOR for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

J. L. Watkins, a citizen and resident of Fayette county, Ky., died on December 1, 1929. At the following regular term of the county court of that county a writing purporting to be his last will and testament was duly admitted to probate as such. Thereafter certain heirs at law of the testator prosecuted an appeal to the circuit court of Fayette county within the time and the manner prescribed by statute. Trial by jury was waived

and the law and the facts as set out in a statement of facts was submitted to the court without the intervention of a jury and it was adjudged that the writing in question was the last will and testament of J. L. Watkins and that it be admitted to probate as such and this appeal followed.

It is admitted by counsel for appellant that the will was made by J. L. Watkins when he was mentally and otherwise competent to make testamentary disposition of his property and that its execution was attended with all necessary legal formalities, but it is argued that it is temporary and contingent in character and its effectiveness depended upon the passing away of testator while he was on a trip referred to in the will. The paper in controversy reads:

"Lexington, Kentucky, July 2nd, 1926.

"In view of my trip to Kansas City, Missouri, for a short visit, I am leaving this memo Will in case of my passing away for any reason.

"I direct that after paying all debts that the balance of my estate be held in trust for my beloved wife, Adaline McCoy Watkins, she to have all income derived from same during her lifetime, at her death the estate shall revert to my brothers and sisters if any one be living, in the event they have all passed away the estate shall be divided into four (4) equal parts, one-fourth to the children of William M. Watkins, one-fourth to the children of Mrs. Flora Cleine, one-fourth to the children of Jno. S. Watkins or to his wife Martha, if no children are born to them.

"Out of the remaining one-fourth I want mortgage of Robt. White (colored) to the Henry Clay Fire Insurance Company paid.

"The White mortgage mentioned is for $1,-900.00, the balance of this ¼ interest to be paid Adus Beamer if living, if not to her children. I appoint the Security Trust Company, trustee, to carry out this will I trustee my estate with the consent and wish of my wife.

"J. L. Watkins.

"Witnesses:
"Felix M. Kennedy,
"L. P. Gooding.

"My holdings in the Henry Clay Fire Insurance Company is easily 12.50 to 14.00 per share."

It is the contention of counsel for appellees that the first sentence of the instrument does not render the will conditional or contingent, but that testator was merely narrating an approaching event as an inducement for the making of the will. One of the leading cases bearing on conditional or contingent wills which has been widely cited and quoted is Walker et al. v. Hibbard, 185 Ky. 795, 215 S. W. 800, 805, 11 A. L. R. 832. In that case the instrument offered for probate cited that the writer was going to a hospital for an operation and did not anticipate any trouble, but if anything should happen to her, she wanted her property to be disposed of in the manner therein provided. It was held that this was a contingent will. In the course of the opinion it was said:

"In addition to the cases referred to in the opinion we have examined many others, and find that there is no lack of harmony in the cases as to what constitutes a contingent will, and that the different conclusions reached by courts in this class of cases are due to the dissimilar circumstances surrounding the testators at the time the instruments considered were written and the various manners in which they are worded rather than to any conflict of opinion as to the requisites of a contingent will.

"It may also, as we think, be fairly gathered from all the authorities that, if the will is so phrased as to clearly show that it was intended to take effect only upon the happening of the particular event set forth in the paper as the reason for writing it; or, putting it in other words, if it was written only to make provision against a death that might occur on account of or as a result of the specific thing assigned as a reason for writing the will—it will be a contingent will; but, if the causes assigned for writing it are merely a general statement of the reasons or a narrative of conditions that induced the testator to make his will, it will not be a contingent will, although it may set forth probable or anticipated dangers or conditions that induced the testator to write it. * * *

"It is also quite generally held that if there is

a reasonable doubt as to whether the will was intended to be contingent or permanent the doubt will be resolved in favor of its permanency, or, in other words, a will will not be treated as a contingent disposition of the testator's estate, unless it clearly appears from the paper itself that it was so intended to be; and the intention of the testator is to be gathered from the paper itself, but it is always admissible in arriving at his intention for the court to have the aid by extrinsic evidence, of the circumstances, situation, and surroundings of the testator at the time the paper was written."

The opinion among numerous other authorities cites and quotes from the case of Dougherty v. Dougherty, 61 Ky. (4 Metc.) 25. In that case the will referred to a trip the testator expected to make to Missouri and made disposition of his property should anything happen that he should not return alive. It was said that, "The words in relation to the trip to Missouri contain two ideas: the one a reason for making a will, and the other the condition upon which the paper is to take effect as a will. The expression * * * 'and should anything happen that I should not return alive,' " made in unequivocal terms a condition or contingency upon which the instrument was to operate as the will of the testator. In the Dougherty Case it is clearly manifest that testator had in mind and was making provision against death that might occur as a result of the specific thing assigned as a reason for making the will; and in Walker v. Hibbard, the approaching operation was recited as the inducement for making a will, and it was clearly providing against death that might occur as a result of the operation at the hospital. But in the instrument under consideration, the expression "in case of my passing away for any reason" apparently does not refer solely to death during or as a possible result of the trip to Kansas City, but is general in its nature and brings the case within the general rule referred to in Walker v. Hibbard that where the reasons assigned for writing the will are general in their nature and it does not clearly appear that it was intended to be operative only during a certain period or until a certain emergency had passed, the will is permanent and not contingent. See, also, In re Forquer's Estate, 216 Pa. 331, 66 A. 92, 8 Ann. Cas. 1146; Ferguson v. Ferguson, 121 Tex. 119, 45

S. W. (2d) 1096, 79 A. L. R. 1163, and annotations; Eaton v. Brown, 193 U. S. 411, 24 S. Ct. 487, 48 L. Ed. 730; 28 R. C. L. 166; Schouler on Wills, (6th Ed.) Vol. sec. 408, and cases cited in those authorities.

If not so, then at least the first paragraph of the will is clouded with so much doubt and uncertainty as to call for an application of the rule referred to in Walker v. Hibbard, supra, and other authorities cited that where there is a reasonable doubt as to whether testator meant the will to be permanent or contingent the doubt should be resolved in favor of its permanency, since as is aptly said in Schouler on Wills, sec. 414:

"For, after all, conditional wills are of so peculiar a description, and operate usually so disastrously, not to say senselessly, that any doubt should be resolved in favor of absolute character and a probate."

Presumably the matter of making a will had been discussed between Mr. and Mrs. Watkins, since it was recited that she had consented for the estate to be left in trust for her. They were childless and naturally the wife was the supreme object of testator's affection and bounty, and to be preferred over collateral kindred. These and other matters anent the circumstances, surroundings, and condition of the testator may be considered in connection with the will as a whole in determining his intention. Walker v. Hibbard, supra. However, if consideration be confined to the strict letter of the instrument, it so clearly bespeaks permanency that we unhesitatingly conclude it was not intended to be conditional or contingent.

Judgment affirmed.