DRAPER, J.
 

 This is an appeal from judgment in a will contest.
 

 Appellant sought probate of a will dated October 29, 1951, under which he and his wife were the principal beneficiaries. Respondents opposed admission of this will, and offered for probate a holographic will dated January 22, 1954, and a holographic codicil dated January 8, 1955. Appellant filed his written contest and an amendment thereto. The ease was tried to the court without a jury upon these pleadings and respondents’ answers. Although appellant pleaded and offered evidence upon the issues of incompetency, fraud, deceit, duress and undue influence, his closing brief states that he has abandoned all these grounds, and now appeals from the judgment adverse to him solely upon the issue raised by the amendment to his contest, to which he refers as the “special” or “additional” grounds of opposition to the holographic documents.
 

 In' that opposition, he alleges that the will and codicil offered by respondents were “made and given by . . . testator and accepted by the said proponents upon the condition of and with the understanding and agreement that said proponents would work for, care and maintain said testator, . . . during her lifetime, without compensation” other than that provided in the will and codicil; that in fact respondents did not care for decedent after April 2, 1955 (she died July 14, 1958) ; that respondents filed an action against decedent’s guardian late in 1955 and recovered judgment for the reasonable value of such care and maintenance as they had afforded to decedent; and that by reason of these facts a ‘ ‘ fraud
 
 *89
 
 was perpetrated upon” decedent, and respondents “waived and forfeited” all rights under will and codicil.
 

 The 1954 will consists of seven pages, consecutively numbered by testatrix. After stating the document to be her last will, revoking all former wills, and directing payment of her debts, she devises and bequeaths “all of my estate” to respondents. Then follows the statement “I have asked my friends, the Boyds to care for me and to accept me in their home, and to take care of my personal and business affairs as I have no close heirs.” Page 3 contains a clause leaving a nominal sum to any person who may contest the will, the appointment of respondents as executors and, at the bottom of the page, “Signed this twenty-second day of January 1954. Emma Chase Moulton.” Then follow four pages (numbered 4 through 7 by testatrix) of bequests of money, stock or personal effects to named beneficiaries, including appellant and his wife, respondent Alice Boyd and respondent Robert Boyd. The final provision reads: “To my darling friend, Alice Boyd, I leave Twenty-five (25) shares of American Tel and Tel. Stock. For her love and devotion and care of me I also leave her all my personal effects and property and any monies in which we share joint tenancy. This is my wish.” At the end of this last page, numbered 7, appears the signature of testatrix and the words “Oakland Calif. Jan. 22nd 1954.”
 

 The trial court specifically found that the allegations of the “special ground of contest” quoted above were, and each of them was, untrue. It is clear that the will itself makes no reference to any promise on the part of respondents to care for testatrix. The first quoted provision does state that testatrix had asked the Boyds to care for her, but it in no way refers to any agreement by them to comply with this request. Even if such a promise could in some way be implied from the language of the will, there is a complete absence of any basis for implication or inference that such care was to continue for any specific length of time, or that it was to be without compensation. Respondents did in fact care for testatrix, both in their home and hers, from November, 1953, to April, 1955. The extrinsic evidence taken at trial also fails to show that respondents ever promised to care for testatrix. There was evidence that testatrix had not discussed her will with respondents before she made it, and that they had no knowledge of the will until about a year after its execution. Respondent Alice Boyd’s letter to decedent’s guardian (ap
 
 *90
 
 pointed in March, 1955) sets forth the services rendered by her to testatrix and asserts the reasonable value thereof. While it recites that the services were rendered at the request of testatrix, it nowhere states or implies a promise by either respondent to perform such services. The finding of the trial court that no such promise was made is fully supported. In the absence of some promise, there is a clear failure to establish fraud of respondents in inducing execution of the will as alleged in this special ground of contest.
 

 Appellant also argues, however, that the will is conditional upon the performance of services for testatrix by respondents. A will may be conditional (Prob. Code, § 24). However, in construing a claimed condition, it is necessary to distinguish between language which constitutes a condition precedent to operation of the will, and language which merely recites the motive or the reason which led to the making of the instrument. To establish a condition, the will “must contain language which clearly indicates a purpose to limit its operation,” and is not to be deemed conditional “when it reasonably can be held that the testator was merely expressing his inducement to make it, however inaccurate his use of language might be if strictly construed.”
 
 (Estate of Taylor,
 
 119 Cal.App.2d 574, 580-581 [259 P.2d 1014].) The will before us makes two references to care of testatrix by respondents. The first such reference follows, rather than precedes, a clause making distinct and unconditional disposition to respondents. This reference to care contains no suggestion that it in any way conditions or limits the preceding disposition. The second reference can reasonably be construed to speak in terms of past care. The clear expression of a condition shown by the testamentary language considered in
 
 Estate of Catlett,
 
 117 Cal.App.2d 315 [255 P.2d 464], is lacking here.
 

 Next, appellant appears to argue that even though rendition of services to testatrix is not a condition precedent to operation of the will, it is a condition to the bequests to respondents. Construction of a will normally is not a function of the court upon petition for probate.
 
 (Estate of Salmonski,
 
 38 Cal.2d 199, 207 [238 P.2d 966], and cases there cited.) To the extent that the claim of conditionality of the bequests was properly before the court, it is fully disposed of by what we have already pointed out in holding the will itself to be unconditional.
 

 Appellant also seeks to bring this case within the
 
 *91
 
 rule that a creditor must elect between taking under the will or recovering upon the express or implied contract of the decedent to pay him.
 
 (Smith
 
 v.
 
 Furnish,
 
 70 Cal. 424, 427-428 [12 P. 392] ;
 
 Merrill
 
 v.
 
 Dustman,
 
 97 Cal.App.2d 473 [217 P.2d 998].) But the claim that respondents waived their rights under the will by recovering judgment for services rendered necessarily is based upon the premise that the bequests were intended as compensation. The will does not so show, and the trial court’s finding that the extrinsic evidence is similarly barren is sustained by the record.
 

 Finally, appellant argues that the first three pages constitute an entire will, fully disposing of the estate as a whole. Thus, he says, the remaining four pages, listing bequests of specific items or amounts, are void or inoperative. As already pointed out, the construction of the will is for a later stage in the proceedings and was not before the court here. Apparently the argument is made on the theory that, if this court reversed the order as to the sweeping bequests to respondents, it might still affirm as to the four pages containing the individual bequests. Since we have determined that the earlier portion of the will was properly admitted to probate, we have no occasion to reach that issue. Clearly the last four pages are testamentary in character. Whether they are repugant to the provisions of the first three pages is a question of construction, as to which the only interest of appellant is the precise opposite of his present contention. If we correctly construe appellant’s argument upon this issue, it does not warrant reversal. If his contention is otherwise than as we have stated, it has no conceivable relevance to the issues before us. It should be noted that respondents’ brief specifically disclaims any contention that the bequest of the entire estate to them renders inoperative the later bequests to others.
 

 Judgment affirmed.
 

 Kaufman, P. J., and Dooling, J., concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied February 3,1960.