[Civ. No. 33214.    Second Dist., Div. One.    May 9, 1969.]

RALPH C. WHITE, Plaintiff and Appellant, v. STATE FARM FIRE AND CASUALTY COMPANY, Defendant and Respondent.

Spencer & Coleman and George W. Coleman for Plaintiff and Appellant.

Spray, Gould & Bowers for Defendant and Respondent.

FOURT, J.—Ralph C. White appeals from a judgment declaring that his insurer, State Farm Fire and Casualty Company (hereinafter sometimes called State Farm) is not required either to defend or to satisfy any judgment resulting from an action instituted against appellant as the consequence of an accident which occurred while appellant was driving an automobile not owned by him.

Appellant contends that the evidence was insufficient as a matter of law to sustain the trial court's finding that the car he was driving at the time of the accident was "furnished or available for . . . [his] frequent or regular use" and thus excluded from his insurance coverage.

White was the named insured on a policy of automobile insurance, including bodily injury and property damage liability, which was issued by State Farm covering two automobiles, a Chevrolet and a Cadillac, owned by White effective for the period from January 13 to July 13, 1966. That policy provided, in part, that "If the named insured is a person or persons, and if during the policy period such named insured owns an automobile covered by this policy and classified as 'pleasure and business', such insurance as is afforded by this policy with respect to the owned automobile under: (1) coverages A and B applies to the use of non-owned automobile . . ." The insurance policy further defines a "non-

owned automobile'' as ''. . . an automobile . . . not owned by or furnished or available for the frequent or regular use of . . . the named insured. . . .'' The theory apparently is that if the automobile is ''furnished or available for the frequent or regular use'' of the insured, it must be specifically covered by an insurance policy in the same or similar manner as his owned automobiles in order for policy coverage to apply so that several persons regularly using the same car may not do so on a single owner's policy with impunity.

''Whether or not a vehicle has been subject to a regular or frequent use excluded by the policy is a question of fact dependent upon the particular circumstances of the case. [Citations.]'' (*Civil Service Emp. Ins. Co.* v. *Wilson,* 222 Cal.App.2d 519, 527 [35 Cal.Rptr. 304].) The trial court found that the car appellant was driving at the time of the accident ''was being regularly and frequently used by . . . [him] in both business and social activities; . . .'' Under the circumstances, it is the exclusive function of the trial court to weigh the evidence, resolve conflicts and determine the credibility of witnesses, and if its interpretation is reasonable, the reviewing court will not disturb the trial court's determination, nor reweigh the evidence and draw contrary inferences therefrom (*Estate of Desmond,* 223 Cal. App.2d 211 [35 Cal.Rptr. 737, 1 A.L.R.3d 1043]; *Eason* v. *Aetna Life Ins. Co.,* 212 Cal.App.2d 607 [28 Cal.Rptr. 291]), but will view the facts in the manner most favorable to respondent. (*Waller* v. *Southern Pac. Co.,* 66 Cal.2d 201 [57 Cal.Rptr. 353, 424 P.2d 937]; *Lundgren* v. *Lundgren,* 245 Cal.App.2d 582 [54 Cal.Rptr. 30].)

White is apparently a salesman with a present residence in Los Angeles who has from time to time and in various communities across the country engaged with other individuals in procuring building and remodeling contracts for contractors. Sam Berman, one of the persons with whom he had worked in the past, leased an automobile in Los Angeles and in early 1966 drove to St. Louis, Missouri, where he found an opportunity to engage in sales activity. He contacted White in Indianapolis, Indiana, and suggested that White join him in St. Louis where together they could sell construction services using the automobile Berman had leased.

Accordingly, White flew to St. Louis where he worked as part of a team and under an oral partnership agreement with Berman in soliciting construction and remodeling contracts for and on behalf of Sid Brilliant, a St. Louis contractor.

They shared the use of the automobile and the expense of gasoline and oil, and they made all of their business calls together in the same automobile. Berman retained the ignition key and paid the automobile leasing charges, but White was customarily permitted to use the car for personal and social purposes after business hours and Berman frequently just told appellant that the key was under the mat so that he could use the car whenever he so desired unless Berman was himself using it. The oral partnership continued for a number of weeks or months from February 1966 until sometime in April 1966, when the partners had a disagreement in Tulsa, Oklahoma. During this time the men were living miles from their homes handling sales work, and it is reasonable to infer from the evidence that the car would be used, as it was, not only during the hours of actual canvassing for sales, but for all the ordinary and customary purposes of daily living. White testified that he customarily entered seven or more similar partnership arrangements in a year, but neither Berman nor the partnership carried insurance on the leased car.

On April 11, 1966, while driving the automobile on a personal errand in St. Louis, Missouri, White was in an accident. As a consequence of the accident, suit was filed in St. Louis against White, who was properly served. State Farm undertook his defense under a reservation of rights pending court determination of whether the nonowned vehicle driven by White at the time of the accident was ''furnished or available for the frequent or regular use'' of appellant and hence excluded from coverage.

The automobile was without dispute leased by Berman and not owned by White, was utilized principally for the business purposes of their short-term partnership while both drove together, and was being used for an incidental and personal errand of White's at the time of the accident. There was, nonetheless, substantial evidence to support the trial court's determination that White assumed the availability of the car for the duration of the partnership and that Berman arranged that the car was, in fact, made frequently and regularly available for White's use, both business and personal.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.