WALTER N. MASON

*v.*

MERVIN MASON, *et al.*

(No. 14357)

Decided July 15, 1980.

*Jerome Radosh* for appellant.

*Rodgers, Kiser & O'Brien and Charles A. Kiser,* for appellee Walter N. Mason.

*D. Patrick Dalton, Jr.,* for appellee Floyd Mason.

*Michael B. Keller* for appellees William Mason and Paul Mason.

HARSHBARGER, JUSTICE:

While in the hospital to undergo surgery for a cervical polyp, Clara Mason wrote a holographic will, which began, "Nov 4th 1973 – I am in the hospital for surgery, and in case I do not survive. Everything I have belongs to Mervin." Ms. Mason survived the surgery and died on January 6, 1976 of an unrelated illness. The document was admitted to probate in Berkeley County on January

29, 1976, and in March, 1977, plaintiff, a beneficiary of said will, sued in circuit court to have the will construed. Defendants answered, but no party challenged the validity of the will or appealed the probate decision.

The circuit court judge ruled that even though no party questioned the will's validity, the will was conditional and not probatable; and Ms. Mason's estate should be distributed according to the laws of intestacy. Defendants appealed.

A will may be conditional or absolute, depending on the language used and whatever can be divined about a testator's intent in its usage. If the language is clearly conditional, a court must determine whether the language represents the inducement or occasion for making the will, or whether it is a condition precedent to the operation of the document. 1 A.L.R.3d 1048 (1965 and supp.), and cases cited therein; 79 Am. Jur. 2d, Wills, §§744-752; 94 C.J.S., *Wills*, §152. The rule of wills construction that favors testacy over intestacy makes courts prefer holding a will absolute, if it is possible to construe questionably conditional language as the testator's motivation to write a will. *National Bank of Commerce v. Wehrle*, 124 W. Va. 268, 20 S.E.2d 112 (1942); *Eaton v. Brown*, 193 U.S. 411, 24 S.Ct. 487 (1904); *In re Desmond's Estate*, 35 Cal. Rptr. 737, 223 C.A.2d 211, 1 A.L.R.3d 1043 (1963); *Vaught v. Vaught*, 247 Ark. 52, 444 S.W.2d 104 (1969); *Warren v. Hartnett*, 561 S.W.2d 860 (Tex. Civ. App. 1977); *Barber v. Barber*, 368 Ill. 215, 13 N.E.2d 257 (1938); *Watkins v. Watkins' Adm'r.*, 269 Ky. 246, 106 S.W.2d 975 (1937); *Bobblis v. Cupol*, 297 Mass. 164, 7 N.E.2d 440 (1937); *In re Morrison's Estate*, 361 Pa. 419, 65 A.2d 384 (1949); *In re Trager's Estate*, 413 Ill. 364, 108 N.E.2d 908 (1952); *Succession of Gurganus*, 206 La. 1012, 20 So.2d 296 (1944); 1 Bowe-Parker: Page on Wills, §§9.1-9.9.

This question arises primarily about wills that make reference to death while traveling or from illness. Each case is decided on its facts and we find no guide nor uniformity. For example, a will stating, "I this day start

to Kentucky; I may never get back, if it should be my misfortune, I give my property to my sisters' children", was held conditional in *Robnett v. Ashlock*, 49 Mo. 171 (1872); but language stating, "I am going on a journey, and I may never come back alive, so I make this will ...", in *Ferguson v. Ferguson*, 121 Tex. 119, 45 S.W.2d 1096 (1931), and "If anything [sic] happens to us on this trip that we shouldn't return, I want my property and all my interest in the property to be ...", in *National Bank of Commerce v. Wehrle*, 124 W.Va. 268, 20 S.E.2d 112 (1942), were held absolute. The same is true of cases involving operations and sickness. In *Ellerbeck v. Haws*, 1 Utah 2d 229, 265 P.2d 404 (1953), "Being in the Holy Cross Hospital from digestive and other troubles, in the event I do not survive, ..." was held conditional. "I, Michael P. Dowling is to go on opperation for a groth in the head if anything serious should happen to me I leave all I own to [name] for what she has done for me in the past", was held absolute when the will was probated twelve years later. *Re Dowling's Estate*, 16 Pa. D & C 381 (1932).

On the two occasions that supposed conditional wills reached us, they were held absolute. Judge Haymond, in a lengthy analysis, held that, "if I get drowned this morning, March 7, 1872, that I bequeath all my property, personal and real, to my beloved wife, Florence", was a valid will not contingent on drowning that day. *French v. French*, 14 W.Va. 458 (1877). The will in *National Bank of Commerce v. Wehrle* was quoted supra.

This will's language is no more conditional than "if I get drowned this morning", which we have held to be a statement of the predicate for a will in *French v. French, supra*.

Further, Mason's document was retained for years after she survived her 1973 surgery. "Evidence of the preservation of the document for a considerable time after the nonhappening of the contingency ..., is admissible to show that testator regarded the contingency as relating to the motive inducing the making of the will,

rather than as a condition to its becoming operative, and such evidence has been held to raise a presumption that the will was intended to be absolute and noncontingent." 94 C.J.S., Wills, §152, at p. 940. "The fact that the testator preserves the document for a long time after the passing of the time for the occurrence of a possible event mentioned in the will is admissible in evidence as tending to show that the possibility of the occurrence was a mere inducement for the making of the will, and not a condition precedent to the operation of the will." 79 Am. Jur.2d, *Wills*, § 746, at pp. 814-15.

We hold that the will of Clara Mason is absolute and was entitled to probate. We remand the case for the circuit court to construe it. Because of our disposition of this issue, we need not decide about the trial court's presumption in invalidating a will *sua sponte*, setting aside a probate order from which there was no appeal to him.

*Reversed and remanded.*