SCHOOL OF THEOLOGY AT CLAREMONT; REX HUMBARD FOUNDATION; AMERICAN BIBLE SOCIETY AND THE PACIFIC AND SOUTHWEST ANNUAL CONFERENCE OF THE UNITED METHODIST CHURCH, APPELLANTS, AND UNIVERSITY UNITED METHODIST CHURCH, CO-APPELLANT, v. FAITH COMMUNICATIONS CORPORATION, AND GORDON MICHALSON, EXECUTOR OF THE ESTATE OF LESTER M. BALKINS, DECEASED, RESPONDENTS.

No. 13088

March 29, 1982                           642 P.2d 590

---

[3]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Chief Justice, pursuant to Nev. Const., art. 6, § 19.

*Foley Brothers,* Las Vegas, for Appellants.

*Hilbrecht, Jones, Schreck & Bernhard,* Las Vegas, for Co-Appellant.

*Allen & Bigelow,* Las Vegas, for Respondent Faith Communications Corp.

*Lionel Sawyer & Collins,* Las Vegas, for Respondent Gordon Michalson, Executor of the Estate of Lester M. Balkins.

## OPINION

*Per Curiam:*

This is an appeal from the trial court's award of a testamentary bequest to respondent, Faith Communications, in an amount equal to five percent of the gross amount of the Lester M. Balkins' estate, or approximately $133,000. The value of the estate is estimated to be in excess of $2,500,000. Faith Communications, and appellants and co-appellant, are religious entities specified in the will as residual beneficiaries and beneficiaries of principal and income from charitable remainder annuity trusts upon the death of the life beneficiaries.

Paragraph 8 of the will, and the one prompting this litigation provides:

> My good friend and attorney, JOHN A. TAYLOR, has told me that he will act, without charge, as the attorney for my estate in the probate of this Will, and I encourage my Executors to retain him in that capacity. Because of his long friendship and generosity, I have determined that I will make a gift to an organization in which we are both interested, FAITH COMMUNICATIONS CORPORATION. Therefore, I hereby give FAITH COMMUNICATIONS CORPORATION, a Nevada non-profit corporation, also known as KILA-FM, Henderson, Nevada, an amount equal to the amount that would be awarded by the Court as full, ordinary and customary compensation for

legal services in the probate of an estate equal in size to this estate at the time of my death.

John Taylor, now deceased, did gratuitously provide legal services in initial probate proceedings, but, anticipating his paticipation as a witness in estate litigation, he engaged, with district court approval, the law firm of Lionel Sawyer & Collins to serve as co-counsel.

Appellants appeal from the district court determination that Balkins made an absolute bequest to Faith Communications. They contend that the language in Paragraph 8 establishes a conditional gift; no gift would be made if John Taylor did not serve without charging the estate. According to appellants, the gift in question should reflect only an amount equal to the reasonable value of fees for legal services actually donated by John Taylor to the estate. We disagree.

Paragraph 8 clearly provides that John Taylor's services were not a condition to the gift—Balkins only ''encouraged'' his executors to use Taylor as counsel. To establish a condition, the will must employ language ''which clearly indicates a purpose to limit its operation.'' In re Moulton's Estate, 1 Cal.Rptr. 407 (Cal.App. 1960). *See also,* Soady v. First National Bank, 82 Nev. 97, 411 P.2d 482 (1966); In re Desmond's *Estate,* 35 Cal.Rptr. 737 (Cal.App. 1963).

In the case of In re Trybom's Will, 13 N.E.2d 596 (N.Y.App. 1938), a bequest was made ''in consideration of services'' to be rendered. Such language is far more indicative of a conditional gift than that found in Paragraph 8 of Balkins' will, yet the *Trybom* court declined to find that the provision established a condition precedent to the gift. The cases just cited clearly underscore a preference for construing ambiguity in favor of finding a gift to be absolute, rather than conditional. The commentary in Paragraph 8 appears merely to state Balkins' inducement for making the bequest, which will not render a gift conditional. *See* In re Moulton's Estate, *supra.*

Appellants' other issues are without merit. We affirm the order of the trial court.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[1] concur.

---

[1]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Chief Justice, pursuant to Nev. Const., art. 6, § 19.