873 P.2d 715

**In the Matter of the ESTATE OF Seth E. MALLETT, Deceased.**

**Mildred MALLETT, Petitioner/Appellant,**

v.

**Malcolm MALLETT, Respondent/Appellee.**

No. 2 CA–CV 93–0251.

Court of Appeals of Arizona, Division 2, Department B.

April 29, 1994.

Law Offices of George J. Feulner, P.C. by George J. Feulner, Tucson, for petitioner/appellant.

Paul Menkveld, P.C. by Paul Menkveld, Tucson, for respondent/appellee.

OPINION

HATHAWAY, Judge.

In this appeal, appellant challenges the trial court's order in which it found that her late husband's holographic will was conditional and did not operate as a testamentary disposition. We reverse.

It is undisputed that the decedent had a heart condition, that he was admitted to the hospital for testing, that he agreed to undergo surgery, that he had never executed a will and that he wrote the following holographic will in the hospital on March 19, 1993:

I, Seth E. Mallett, is scheduled to go through a seroius [sic] operation. I wish to state that if I should expire from this operation; I wish my wife Mildred Mallett Should inhert [sic] everything I have; both finical [sic] and personal; except two US. Savings bonds. These two US savings bonds have my boys name on them—these two bonds are US Savings bonds.

After the decedent signed the will, surgery was scheduled for the following week and he was to return home in the interim. He died sometime during the night of March 20, 1993, the day he left the hospital, or early the next morning. He was 83 years old and had been married to appellant for about five months.

■ The holographic will in this case appears to be conditioned upon the decedent's dying as a result of the operation. The applicable rules of construction require that a will be interpreted according to the intent expressed within its four corners. A.R.S. § 14–2603. It was for the trial court to determine whether that condition merely induced the decedent to make the will or whether it is a true condition precedent to its taking effect. J.R. Shepherd, Annotation, *Determination Whether Will Is Absolute or Conditional*, 1 A.L.R.3d 1048 (1965). The determination is made by examining the surrounding circumstances to assess the decedent's likely intent. *In re Estate of Johnson*, 168 Ariz. 108, 811 P.2d 360 (App.1991). The law does not, however, favor a finding that a decedent died intestate. A.R.S. § 14–2604.

■ Appellant argues that the condition was an inducement, citing a number of cases in which similar language has been so interpreted and relying as well on evidence presented at an evidentiary hearing. The decedent's wife and his granddaughter-in-law, who lived with and cared for him before his wife moved in, testified at the hearing. Even assuming the trial court rejected the wife's testimony entirely and credited that of the granddaughter-in-law, we conclude that under the circumstances of this case, the surgery merely provided an incentive for the decedent to make a will. The decedent's heart condition required a serious operation, which we can assume caused him to be concerned about his possible demise, thus prompting him to write the will before surgery. Presumably, he believed he would undergo that surgery before he went home, but the schedule was changed after he executed the will. His death came within a day or two and resulted from the very condition for which he was to have surgery.

One of the cases appellant cites as particularly illustrative of language construed as an inducement rather than a condition is *Mason v. Mason*, 165 W.Va. 412, 268 S.E.2d 67 (1980). There the decedent had stated in her will, "I am in the hospital for surgery, and in case I do not survive. Everything I have belongs to Mervin." 165 W.Va. at 412, 268 S.E.2d at 68. The will was written November 4, 1973. Although the decedent survived the surgery, dying on January 6, 1976, of an unrelated illness, the will was found to be valid. *See also In re Succession of Montero*, 365 So.2d 929, 930 (La.App.1978) (will providing "[i]n the event I do not come out of this surgery O.K. ..." held valid even though decedent survived surgery, was discharged from the hospital and died ten weeks later).

■ As the court in *Mason* noted, the question whether a will is truly conditional must be determined on a case-by-case basis. Our research has revealed that language analogous to that used by the decedent in this case has generally been interpreted as the inducement for making a will as opposed to an actual condition, unless there is a clear reason to find otherwise. It also appears that the older the case, the more likely the language in question is construed as an actual condition. In *Maxwell v. Maxwell*, 60 Ky. (3 Met.) 101 (1860), for example, the decedent had survived a steamboat accident and still feared for his life. He wrote the following will: "If I never get back home, I leave you everything I have in the world." 60 Ky. at 101. The decedent returned safely but was later killed by his slaves. The will was found to be conditional and of no effect. In *In re Poonarian*, 234 N.Y. 329, 137 N.E. 606

(1922), the will, which was signed before the decedent went to Constantinople, directed the distribution of his property if anything happened to him in Constantinople or on the ocean. The decedent made the trip safely, and after his death 16 years later, the will was found to be conditional. More recently, a provision that a will was to take effect if spouses died simultaneously or close in time as a result of the same natural disaster was found to be contingent. *Naylor v. Koeppe,* 686 S.W.2d 47 (Mo.App.1985). Courts have also found language about the simultaneous or near-simultaneous death of spouses to be truly conditional. *Jackson v. Estate of Jackson,* 249 Ark. 749, 460 S.W.2d 799 (Ark.1970); *Methodist Church of Sturgis, Inc. v. Templeton,* 254 Miss. 197, 181 So.2d 129 (1965); *In re Estate of Watts,* 71 Misc.2d 621, 336 N.Y.S.2d 781 (Sur.Ct.1972).

On the other hand, there are far more cases with similar or analogous language to that here, which the courts have construed as an inducement. *See In re Desmond's Estate,* 223 Cal.App.2d 211, 213, 35 Cal.Rptr. 737, 739 (1963) (will was not conditional even though it stated "in case I should have a mishap and not return" from a planned trip, even though decedent went on the trip, safely returned and died eight years later); *In re Estate of Del Val,* 159 Cal.App.2d 600, 602, 323 P.2d 1011, 1012 (1958) (decedent with heart condition signed will on April 14, 1955, the day before he went to the hospital, stating "[i]f there is anything happen to me tonight . . ."; will was given effect after his February 28, 1956 death); *In re Dowling's Estate,* 16 Pa. D. & C. 381 (1932) ("I, Michael P. Dowling is to go on opperation [sic] for a groth [sic] in the head if anything serious

shoud [sic] happen to me I leave all I own to . . .").

Although the trial court has much discretion in matters such as this, we do not believe its conclusion here was correct. As the court stated in *In re Estate of Desmond:*

> To establish a condition, the will must contain language which clearly indicates a purpose to limit its operation and is not to be deemed conditional when it can reasonably be held that the testator in using the language in question was merely expressing his motive or inducement to make the will. . . .

223 Cal.App.2d at 214, 35 Cal.Rptr. at 739. Like the court in that case, we can find no reason here why the decedent's death the day after he executed a will reflecting his intent that he not die intestate should cause the court to thwart his intent simply because his death resulted from his heart condition and not the surgery. Nor did any of the testimony at the evidentiary hearing provide a basis for doing so. We find the will was valid. We need not, therefore, address the argument that a gift should be implied.

Reversed and remanded for further proceedings.

DRUKE, C.J., and ESPINOSA, P.J., concur.