# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
July 9, 2001 Session

## IN RE: ESTATE OF GLORIA ELEANOR FRANKLIN

**Appeal from the Chancery Court for Cocke County**
**No. P-3490     Telford E. Forgety, Jr., Chancellor**

**FILED AUGUST 9, 2001**

**No. E2000-02687-COA-R3-CV**

---

This is apparently a case of first impression. The appellant, W. Jess Waltman, filed a petition in the trial court seeking to probate a document purporting to be the last will and testament of Gloria Eleanor Franklin ("the decedent"). The will, dated "July 7 93," directs that the appellant and his wife, Terry Waltman, are to receive the decedent's estate "in case I die on my way to & from Jersey." The trial court held that the will was not eligible for probate because it was a conditional will and the specified condition or contingency, *i.e.*, Ms. Franklin's demise "on the way to & from Jersey," had not occurred. We vacate the trial court's judgment and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Vacated; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Mark A. Cowan, Morristown, Tennessee, for the appellant, W. Jess Waltman.

Roy T. Campbell, Jr., Newport, Tennessee, for the appellee, Estate of Gloria Eleanor Franklin, Edward Manning, Administrator.

## OPINION

### I.

The will sought to be probated is a handwritten document dated July 7, 1993. In its entirety, it states, with spelling and grammatical errors, as follows:

On this day July 7

I Gloria Franklin leaves everything to Terry & Jess Waltman in

I Gloria Franklin leaves everything I own inclouding farm, vehickles everything to Jess & Terry Waltman in case I die on my way to & from Jersey.

/s/ Gloria Franklin
/s/ Jessie M. Hall
July 7, 93     /s/ Gertrude E. Hall

It was stipulated at the hearing below that the decedent had traveled safely to and from New Jersey after the date of the will and had died of natural causes six years later.

At the hearing, the trial court appears to have heard only legal argument on the issue of whether the 1993 will was conditional and thus not subject to probate.[1] There is nothing in the record before us indicating that the trial court received any oral testimony at the hearing below.[2] The trial court found that the document was "a conditional document which by its terms was to take effect only upon the happening of a certain contingency, that is 'In case I die on my way to or from

---

[1] The trial court's order denying probate provides, in part, as follows:

> This cause came on to be heard on this 13th day of June, 2000, before the Honorable Telford E. Fogerty, Jr. Chancellor, upon the Petition of W. Jess Waltman to admit a new will to probate, the Answer of George C. Franklin, Nettie A. Moore and Beatrice Hensley, the statements and stipulations of counsel, the appearance of the parties in Court, and the entire record in the cause from all of which the Court finds and decrees as follows:
>
> *   *   *
>
> The question of whether or not the document proffered for probate was in the handwriting of the decedent and found among her papers met the formal requirements for a holographic will or a witnessed will, was not an issue in this hearing, and the case was heard on the legal issue of whether or not the document was a conditional document and not subject to probate.

The "stipulations" referenced in the order are not detailed in the record, but there is no reason to believe they were extensive in nature or touched upon the relevant subjects referred to later in this opinion.

[2] There are a number of affidavits in the record. They appear to have been filed in connection with the probate of an earlier will of the decedent dated May 12, 1975. In any event, there is nothing in the record indicating that those affidavits were considered by the trial court on the issue of whether the July 7, 1993, will was or was not a conditional will.

Jersey.'"[3]  Because the contingency had not occurred, the trial court denied the appellant's petition to admit the will to probate.  The effect of this ruling was to leave in place the probate of an earlier will of the decedent dated May 12, 1975.  This appeal followed.

## II.

The trial court apparently determined, as a matter of law, that the document in question, on its face, reflects that it is a conditional will and, since the condition was not satisfied, that the instrument does not qualify as the last will and testament of the decedent.  Our review in this matter is *de novo* with no presumption of correctness attaching to the trial court's legal conclusions.  ***Campbell v. Florida Steel Corp.,*** 919 S.W.2d 26, 35 (Tenn. 1996).

## III.

The goal in this case is to ascertain and give effect to the intent of the testator; that intent controls unless to honor it would be to violate some rule of law or public policy.  *See **In re Walker,*** 849 S.W.2d 766, 768 (Tenn. 1993).  Our inquiry is subject to the following principles recognized by the Supreme Court:

> [T]he testator's intention must be ascertained from that which he has written in the will, and not from what he may be supposed to have intended to do, and extrinsic evidence of the condition, situation and surroundings of the testator himself may be considered only as aids in the interpretation of the language used by the testator, and the testator's intention must ultimately be determined from the language of the instrument weighed in the light of the testator's surroundings, and no proof, however conclusive in its nature, can be admitted with a view of setting up an intention not justified by the language of the writing itself.

***Id.*** (quoting ***Nichols v. Todd,*** 20 Tenn. App. 564, 570-71, 101 S.W.2d 486, 490 (1936)) (internal quotation marks omitted).

The issue of what constitutes a conditional will or, put another way, a contingent will,[4] appears to be one of first impression in Tennessee.  The parties have cited no Tennessee cases, nor are we aware of any, on this particular subject.  Our research has revealed, however, that conditional wills have been addressed by appellate courts in other jurisdictions.

---

[3]The will uses the words and symbol "to & from"; the trial court in its order adopted the obvious meaning of the instrument, *i.e.*, "to *or* from."

[4]Some of the cases refer to a "condition" while others refer to a "contingency."  The label placed on the subject is not important in the instant case.

A conditional or contingent will is one that takes effect only upon the satisfaction of a certain condition or the happening of a specified contingency. *See* **Bagnall v. Bagnall,** 225 S.W.2d 401, 402 (Tex. 1949). If the condition is not satisfied, or the contingency fails, the will is rendered inoperative and void. *See id.* In determining whether a will is conditional or contingent, a court must first determine "whether the happening of the possibility referred to is a condition precedent to the operation of the will, or whether the possibility of the happening was only a statement of the motive or inducement which led to the preparation and execution of the instrument." *Id.* The testator's intent to make a conditional or contingent will must be clear. **Black v. Taylor (In re Taylor's Estate),** 259 P.2d 1014, 1018 (Cal. Dist. Ct. App. 1953). Language that appears to limit the operation of a will based upon a condition or contingency should be strictly construed. "Courts will not regard a will as conditional when it reasonably can be held that the testator was merely expressing his inducement to make it, however inaccurate his use of language might be if strictly construed." *Id.*; *see also* **McMerriman v. Shiel,** 140 N.E. 600, 602 (Ohio 1923) ("The courts should treat the statement as an inducement for making the will, if possible, and not as a condition to its operation, unless the words or the surrounding circumstances clearly show that it was intended to be contingent."); **In re Will of Cohen,** 491 A.2d 1292, 1294 (N.J. Sup. Ct. App. Div. 1985) ("Courts will generally regard a will as absolute rather than conditional unless the language employed by the testator unequivocally shows his intention to make the entire will conditional.") (internal quotation marks omitted). If it is not clear that the testator intended to make a conditional or contingent will, courts generally have found the will to be absolute in nature, so as to prevent intestacy. *See* **Porter v. Coleman (In re Estate of Coleman),** 359 P.2d 502, 504 (Mont. 1961) ("If the will is open to two constructions, that interpretation will be given it which will prevent intestacy."); **Mason v. Mason,** 268 S.E.2d 67, 68 (W. Va. 1980) ("The rule of wills construction that favors testacy over intestacy makes courts prefer holding a will absolute, if it is possible to construe questionably conditional language as the testator's motivation to write a will."); *see also* **Watkins v. Watkins' Adm'r,** 106 S.W.2d 975, 977 (Ky. 1937) ("For, after all, conditional wills are of so peculiar a description, and operate usually so disastrously, not to say senselessly, that any doubt should be resolved in favor of absolute character and a probate.").

In addition to the testamentary language itself, courts have looked to other factors in order to determine the testator's intent. In **Mason v. Mason,** 268 S.E.2d 67 (W.Va. 1980), the testatrix wrote a holographic will that began, "Nov 4th 1973 – I am in the hospital for surgery, and in case I do not survive. Everything I have belongs to Mervin." 268 S.E.2d at 68. The testatrix survived the surgery but died three years later of an unrelated illness. *Id.* The West Virginia Supreme Court found that the will was not conditional, noting that the decedent had retained the document for years following the 1973 surgery:

> The fact that the testator preserves the document for a long time after the passing of the time for the occurrence of a possible event mentioned in the will is admissible in evidence as tending to show that the possibility of the occurrence was a mere inducement for the making of the will, and not a condition precedent to the operation of the will.

*Id.* at 69 (quoting 79 Am. Jur.2d *Wills* § 746).

In *Longshore v. Desmond (In re Estate of Desmond),* 35 Cal. Rptr. 737 (Cal. Dist. Ct. App. 1963), the testatrix's holographic will stated as follows: "The enclosed should convey my wishes of disposition to be made of any and all of my personal and tangible possessions in case I should have a mishap and not return due to some unforeseen accident." It also included a reference to "[m]y last will and testament before leaving on a short trip." 35 Cal. Rptr. at 739. Before leaving for her trip, the testatrix gave the document to her daughter. *Id.* Upon her return, she took back the document and placed it in a safe in her bedroom "in a striking, arresting position immediately observable to anyone opening the safe." *Id.* In determining whether the will was conditional or absolute, the Court looked not only to the language of the will itself, but also several other factors, including

> the circumstances surrounding the execution of the document and its delivery; the testator's state of health; his plans for the future; the preservation of the document, particularly after the contingency has failed; instructions upon delivery; subsequent declarations of the testator; lack of another subsequent will; lack of alternative disposition of the property and the amount of the estate disposed of by the instrument.

*Id.* The Court found particularly significant the fact that the will was kept in the testatrix's safe after the contingency had failed and had been stored where it easily could be found; that the testatrix made statements to the effect that she had made her will and arranged her affairs; and that no other testamentary document was found. *Id.* at 740. Based upon these circumstances, the Court concluded that the will was absolute in nature. *Id.*

In *McMerriman v. Schiel,* 140 N.E. 600 (Ohio 1923), the testator's will concluded with the following statement: "This in case that I meet with accident on this journey...." 140 N.E. at 601. The Ohio Supreme Court concluded that the will was absolute based upon several factors: (1) Although the testator had several children, he named his daughter Louise, who was also his housekeeper, his chief beneficiary. The Court noted that Louise's designation as chief beneficiary appeared "to be an act of justice, and if the will should be avoided, thereby resulting in a distribution of the property among all the children equally, an injustice will result to the daughter Louise." *Id.* at 601. (2) After the testator had made his journey without incident, he had kept the will in a safe place and had not changed its terms. *Id.* (3) The testator had written the will himself, and he "was manifestly comparatively illiterate and wholly unlearned in the law, and...probably gave no thought to the effect of the last paragraph of his will, and therefore entertained no intent in regard thereto." *Id.* (4) The Court found nothing "to indicate that an accident during the course of his journey to Montana, or within a reasonable time thereafter, would have had any reasonable or logical relation to his property or to the objects of his bounty." *Id.*

As illustrated by the above cited cases, the mere use of the phrase "in case" does not automatically render a will contingent in nature and thereby justify a court in denying probate. A court must examine the situation further and ascertain "whether the happening of the possibility referred to is a condition precedent to the operation of the will, or whether the possibility of the happening was only a statement of the motive or inducement which led to the preparation and execution of the instrument." **Bagnall**, 225 S.W.2d at 402. Our survey of the decisions of other jurisdictions leads us to conclude that whether the decedent in the instant case intended her will to be operative *only if* she died on her way to or from New Jersey should not be ascertained based solely upon the use of what is arguably contingent language in the will. In our judgment, other relevant factors should also be considered: (1) the circumstances surrounding the execution of the document; (2) any statements made by the decedent following the execution of the document; (3) the manner in which the document was kept after the time for the purported contingency had lapsed; (4) the decedent's education and knowledge of the law; (5) whether any subsequent testamentary documents were made; (6) whether the contingency bears a reasonable relation to the disposition of the decedent's property; (7) whether a finding of a conditional will means that the deceased died intestate; (8) whether effectuating the terms of the will would be equitable under the circumstances; and (9) such other relevant factors as bear on the issue at hand.

In the instant case, it appears from the meager record before us that the trial court relied solely upon the language "in case I die on my way to & from Jersey" in holding that the handwritten document purporting to be the decedent's last will and testament was, in the words of the trial court, "a conditional document." We do not mean to criticize the trial court for proceeding as it did. There was no Tennessee case authority to guide the court on this particular subject. Furthermore, it appears that each of the parties relied solely upon the writing in pursuing their competing theories, thereby leaving the trial court without any other evidence to consider. Regardless of the reason for the trial court's approach in this case, we fear that complete justice cannot be achieved on the record before us. Accordingly, we remand this case for an evidentiary hearing based upon the principles set forth in this opinion. We do so pursuant to the provisions of T.C.A. § 27-3-128 (2000), which provides as follows:

> The court shall also, in all cases, where, in its opinion, complete justice cannot be had by reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the cause to the court below for further proceedings, with proper directions to effectuate the objects of the order, and upon such terms as may be deemed right.

Our decision to remand should not be construed as favoring or disfavoring a finding of a conditional will in this case. We express no opinion on this, the ultimate issue to be decided on remand.

IV.

The judgment of the trial court is vacated. This case is remanded for further proceedings, consistent with this opinion. Costs on appeal are taxed to the appellee, the Estate of Gloria Eleanor Franklin, Edward Manning, Administrator.

_____
CHARLES D. SUSANO, JR., JUDGE